# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ERIC DION OWENS,<br><br>Defendant. | Case No. 08-mj-333<br><br>ORDER FOR PRETRIAL DETENTION |

On the 26th day of September, 2008, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The government was represented by Assistant United States Attorney Patrick J. Reinert. The Defendant appeared personally and was represented by Attorney John J. Bishop.

## RELEVANT FACTS

On September 24, 2008, Defendant Eric Dion Owens was charged by Criminal Complaint (docket number 1) with possession with intent to distribute 50 grams or more of a mixture or a substance containing a detectable amount of cocaine base, commonly called "crack cocaine." A preliminary hearing was held in conjunction with the instant detention hearing and the Court found probable cause to believe that a crime had been committed and that the Defendant committed it. The Defendant was bound over for further action by the Grand Jury.

At the time of hearing, Dale Moyle, a Cedar Rapids police officer assigned to the DEA Task Force, adopted by reference the Affidavit which he submitted in support of the Criminal Complaint. According to the affidavit, a search was conducted pursuant to a state search warrant on room number 310 at the Comfort Inn in Cedar Rapids. Defendant

Eric Owens and a co-Defendant, Antonio Gayden, were found in the room. Also found were 105.8 grams of a substance believed to be crack cocaine, $1,090 in U.S. currency, and cell phones. The substance, which field-tested positive for cocaine, was hidden under the bathroom sink.

After being *Mirandized*, Owens admitted to selling crack cocaine on a few occasions in Cedar Rapids, Iowa. Owens told officers that he purchased crack cocaine from an unknown black male by the name of "Shawn." According to Owens, he and Gayden were supposed to sell the crack cocaine and give the cash proceeds back to Shawn. Gayden also told officers that Owens was selling crack cocaine to various individuals in the Cedar Rapids area.

According to the Pretrial Services Report, Owens is 22 years old. Until April 2008, when he moved to Cedar Rapids, Owens resided in the Chicago, Illinois area. Owens' family, including his parents and siblings, continue to reside in Chicago. While he has never been married, Owens has three children who live with their mothers in Chicago. Prior to his arrest, Owens lived with his girlfriend in Cedar Rapids.

Owens is unemployed and has no earnings or assets. He intends to enroll at Kirkwood Community College in January 2009, however, and apparently receives $800 a month from a college grant.

Owens is in good health and has no history of mental health problems. He began smoking marijuana at age 17 and last used in August 2008. He also uses alcohol on an occasional basis.

Owens has a long history of arrests, dating back to when he was a juvenile. As an adult, Owens has been convicted of criminal trespass to land, possession of cannabis, leaving the scene of an accident, and "manufacture/deliver heroin." He has also been arrested in Cook County, Illinois on at least 11 other occasions as an adult, but the disposition of those charges is unclear.

On February 11, 2008, Defendant pleaded guilty to "manufacture/deliver heroin" and received two years probation. Defendant also reported that he was arrested for possession of marijuana in May 2008 and "posted bond and was released on his own recognizance." According to Owens, this charge is still pending in Cook County, Illinois. In addition, Defendant apparently has a pending residential burglary charge in Cook County and is scheduled to appear in court on September 30, 2008.

## CONCLUSIONS OF LAW

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, requires the Court to detain arrestees prior to trial in certain cases if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." 481 U.S. at 755.

A finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the appearance of the person as required must be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition of combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including (a) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to

3

drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the person was on probation parole, or other pretrial release; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The Court finds that there is probable cause to believe that Owens committed the offense charged in the Criminal Complaint. In a "presumption case," a defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Turning to the facts in the instant action, Defendant is charged with possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base commonly called "crack cocaine," in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). This charge establishes a rebuttable presumption pursuant to 18 U.S.C. § 3142(e) that there is no condition or combination of conditions which will reasonably assure the appearance of the person as required and the safety of the community. In an effort to rebut the presumption, Defendant proffers testimony that he

would be able to return to his girlfriend's residence if he is released prior to trial and that he intends to begin classes at Kirkwood in January 2009.

At the time of this incident on September 23, 2008, Defendant was on probation for "manufacture/deliver heroin" and had pending charges of residential burglary and possession of marijuana. At the time of his arrest, Defendant admitted to officers that he sold crack cocaine in Cedar Rapids. Defendant does not have any substantial ties to this community and is not employed.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if the Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (September 24, 2008) to the filing of this Ruling (September 26, 2008) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 26th day of September, 2008.

```
_____
JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA
```